UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA MARR WEST,

    Plaintiff,

v.                                    Case No. 8:15-cv-2684-T-33AAS

NANCY A. BERRYHILL, Acting
Commissioner of Social
Security,

    Defendant.
_____/

**<u>ORDER</u>**

This matter comes before the Court upon consideration of United States Magistrate Judge Amanda Arnold Sansone's Report and Recommendation (Doc. # 25), entered on January 5, 2017, recommending the decision of Defendant Nancy A. Berryhill[1], Acting Commissioner of Social Security, be affirmed and the present action dismissed. Plaintiff Debra Marr West filed an objection on January 19, 2017. (Doc. # 26). The Commissioner filed a response to West's objection on February 3, 2017. (Doc. # 27). For the reasons below, West's objection is overruled. Furthermore, Judge Sansone's Report and

---

[1] Between the time this suit was filed and entry of this Order, Berryhill replaced Carolyn W. Colvin as Acting Commissioner. As such, Berryhill is "automatically substituted as a party." Fed. R. Civ. P. 25(d).

Recommendation is adopted. The decision of the Commissioner is affirmed and this action is dismissed.

**Discussion**

West filed her application for disability insurance benefits and supplemental security income on September 8, 2011. (Doc. # 15-2 at 24). In her application, West stated the date of onset as August 7, 2010. (Id.). After two hearings, the administrative law judge issued a decision on August 7, 2014, denying West's applications. (Id. at 21-44). West timely appealed. (Id. at 19-20). The Appeals Counsel adopted most of the administrative law judge's findings, disagreeing only with the administrative law judge's finding as to West's date last insured and the reason for the second hearing, and affirmed the denial of benefits. (Id. at 2-10).

West subsequently brought this action on November 16, 2015, seeking to have the Commissioner's decision set aside. (Doc. # 1). Pursuant to Local Rule 6.01(c)(21), the action was referred to Judge Sansone for a Report and Recommendation. After the parties filed their respective briefs (Doc. ## 22, 24), Judge Sansone entered her Report and Recommendation on January 5, 2017, which recommends that the decision of the Commissioner be affirmed. (Doc. # 25). West filed a timely objection and the Commissioner responded. (Doc. ## 26, 27).

2

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations.  28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

The Court has conducted a careful and complete review of the findings, conclusions, and recommendations, and has reviewed matters of law *de novo.* The Report and Recommendation provides a thorough and fair review of the administrative record. Moreover, the Report and Recommendation cogently explains why the Commissioner's decision should be affirmed. As such, the Court accepts the factual findings and legal conclusions of Judge Sansone and adopts her Recommendation.

3

While the Court finds no reason to further expound on the reasons articulated by Judge Sansone, the Court does take this opportunity to address West's primary contention; namely, that Judge Sansone impermissibly engaged in *post hoc* rationalization. (Doc. # 26 at 1-2). Relying on Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984), for the broad proposition that a court may not affirm an administrative decision "simply because some rationale might have supported the ALJ's conclusion," West argues Judge Sansone erred by "bas[ing] her conclusion on *post hoc* rationalizations to compensate for the ALJ's failure to properly consider the Plaintiff's obesity" and "rel[ying] on *post hoc* rationalization in finding that the 'ALJ . . . articulated substantial evidence for determining that Dr. Mahar's opinions are inconsistent with the record and giving his opinions little weight.'" (Doc. # 26 at 1-2). West's reliance on Owens, however, is misplaced.

In Owens a recipient of supplemental security income had her benefits terminated after a routine review of her case revealed the existence of a bank account held jointly by the recipient and her daughter. 748 F.2d at 1513. At a hearing before an administrative law judge, the recipient argued the money in the jointly-held account should not have been

4

attributed to her because the money had never been available for her use and, in the alternative, repayment should be waived. Id. The administrative law judge rejected both arguments and entered a decision demanding repayment of benefits the recipient had collected. Id.

The recipient appealed to the Appeals Council, arguing the administrative law judge applied the wrong standard, i.e., the "irrebuttable presumption standard" rather than looking at the intent of the parties when evaluating whether a claimant should be held to have access to funds in a joint bank account. Id. at 1513-14. In its decision, the Appeals Council "reaffirmed its commitment to the policy of looking at the intent of the parties." Id. at 1514. The Appeals Council also went on to state, "'[i]t appear[ed] that the administrative law judge considered the Council's policy on joint bank accounts . . .'" and "inferred that the ALJ had simply found that the claimant's testimony did not constitute sufficiently 'clear and convincing evidence' to rebut the presumption of ownership." Id. The Appeals Council affirmed on the aforesaid grounds.

Subsequent thereto, the recipient sought review in district court. Id. at 1513. The district court affirmed the decision of the Commissioner and the recipient appealed to

the Eleventh Circuit. Id. On appeal, the Eleventh Circuit was explicit that its "evaluation center[ed] on the adequacy of the opinion rendered by the ALJ." Id. at 1514. The court further noted that the administrative law judge's articulation of the standard he applied was "ambiguous at best" and that the court "simply [could not] tell" what standard was applied. Id. at 1515. "Even more serious was the ALJ's failure to make any finding at all on the credibility of the testimony relating to" the issue of testimony given during the hearing. Id. Ultimately, the Eleventh Circuit reversed and remanded with instructions to the district court to remand the case to the agency for further findings because "the ALJ did not provide [the court] with the information essential to" evaluating the decision. Id. at 1516.

Owens, however, is readily distinguishable from the case at hand. Here, the record reveals that Judge Sansone merely summarized the reasons articulated by the administrative law judge himself for the decision to deny benefits. This is not an instance where, as in Owens, the administrative law judge failed to "pass on the credibility of the claimant" or to "state with at least some measure of clarity the grounds for his decision," Id. Rather, as demonstrated by the record, the administrative law judge provided a thorough explanation for

6

his credibility determination and determination as to how much weight to assign the treating physician's statements. That Judge Sansone highlighted some of the administrative law judge's reasons for recommending that the denial-of-benefits decision be affirmed is not tantamount to *post hoc* rationalization.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff Debra Marr West's objection to the Report and Recommendation (Doc. # 26) is **OVERRULED**.

(2) The Report and Recommendation (Doc. # 25) is **ADOPTED**.

(3) The decision of the Commissioner is **AFFIRMED**.

(4) This action is **DISMISSED**.

(5) The Clerk is direct to enter judgment in favor of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, consistent with 42 U.S.C. §§ 405(g), 1383(c)(3).

(6) Once judgment is entered, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of February, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE